IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

COX PARADISE, LLC and P&G
CONSTRUCTION CONSULTANTS, LLC,

    Plaintiffs,

v.                                                    No. 1:20-cv-01068-JDB-jay

ERIE INSURANCE EXCHANGE,

    Defendant.

---

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

---

*INTRODUCTION*

This matter was initially brought in the Circuit Court of Gibson County, Tennessee, by Cox McCarver Partnership and Helping Hands Home Improvement LLC, against Defendant, Erie Insurance Exchange ("Erie"), alleging breach of contract and bad faith under Tennessee law. (Docket Entry ("D.E.") 1-2.) The complaint sought compensatory and punitive damages. The matter was removed to this Court on March 23, 2020, on diversity jurisdiction grounds. (D.E. 1.) On May 8, 2020, Erie moved for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (D.E. 18.) Four days later, the complaint was amended to reflect the proper names of the Plaintiffs: Cox Paradise, LLC ("Cox Paradise") and P&G Construction Consultants, LLC ("P&G").[1] (D.E. 19.) As the issues have been fully briefed, the pending motion is ripe for decision.

---

[1] The Clerk is DIRECTED to change the docket to reflect the Plaintiffs identified in the amended complaint.

*MATERIAL FACTS*

Cox Paradise purchased an insurance policy, numbered Q97-1714249, from Erie on or about November 15, 2017 (the "Policy"), which provided coverage for a residence owned by Cox Paradise and located at 306 Cumberland Street in Medina, Tennessee (the "Property"). On or about July 5, 2018, a storm allegedly caused wind and hail damage to the structure's roof. Cox Paradise submitted a claim to Erie pursuant to the Policy on July 3, 2019. In an affidavit provided by the Defendant, Erie Claims Examiner Keith Doak stated that, on July 8, 2019, Robert Browning inspected the Property on the insurer's behalf and "noted some damages." (D.E. 18-4 ¶ 5.) Cox Paradise hired its own expert, Engineer Steve Prosser, to assess the damage on its behalf. In a report (the "Prosser Report") issued July 22, 2019, the engineer identified evidence of hail and severe wind damage to the roof shingles; moisture damage to roof decking boards; and hail strike damage to roof apertures and vent covers, gutters, downspouts, aluminum siding, window trim, and screens.

Defendant received a copy of the Prosser Report on or about July 30, 2019. Doak averred in his affidavit that, at Erie's request, Engineer Martin Ellison conducted an inspection of the Property on August 16, 2019, in order to determine the cause of the damages claimed. According to Doak, Ellison authored a report on August 28, 2019, in which he concluded that the roof shingles and siding had not been damaged by hail, and that twelve shingles had been damaged by wind and could be spot-replaced. Based on Ellison's findings, Cox Paradise was advised by letter on September 13, 2019, that the claim had been denied in part. According to documents submitted to

the Court, the claim was assigned to P&G, the Property's general contractor, on July 18, 2019. The complaint, as amended, alleges that Erie significantly undervalued the claim.

## STANDARD OF REVIEW

Rule 56 provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Where the nonmovant bears the burden at trial, the moving party "need only demonstrate that the nonmoving party has failed to 'make a showing sufficient to establish the existence of an essential element' of that claim." *Pineda v. Hamilton Cty., Ohio*, 977 F.3d 483, 491 (6th Cir. 2020) (quoting *Viet v. Le*, 951 F.3d 818, 823 (6th Cir. 2020)). This standard is satisfied "if the record taken as a whole could not lead a rational trier of fact to find for the plaintiff on the challenged element." *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)) (internal quotation marks omitted). The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Equal Emp't Opportunity Comm'n v. Ford Motor Co.*, 782 F.3d 753, 770 (6th Cir. 2015) (quoting *Matsushita Elec. Indus. Co.*, 475 U.S. at 586). "At the summary judgment stage, the evidence is construed and all reasonable inferences are drawn in favor of the nonmoving party." *Griffith v. Franklin Cty., Ky.*, 975 F.3d 554, 566 (6th Cir. 2020) (quoting *Burgess v. Fischer*, 735 F.3d 462, 471 (6th Cir. 2013)) (internal quotation marks omitted).

## CHOICE OF LAW

In cases where the district court's jurisdiction is grounded in diversity, the substantive law of the state in which the court sits is to be applied. *Perry v. Allstate Indem. Co.*, 953 F.3d 417, 421 (6th Cir. 2020), *reh'g en banc denied* (June 1, 2020). "When there is no dispute that a certain state's substantive law applies, the court need not conduct a choice-of-law analysis sua sponte." *Johnson as Tr. of the SJ Trust v. Arch Specialty Ins. Co.*, No. 2:19-cv-02217, 2020 WL 1853316,

3

at *2 (W.D. Tenn. Apr. 13, 2020). As the parties appear to assume Tennessee law applies, the Court will apply the law of that state to the issues raised in the instant motion. *See id.*

*ARGUMENTS OF THE PARTIES AND ANALYSIS*

Erie seeks summary judgment on Plaintiffs' claims for bad faith and punitive damages. Tennessee Code Annotated § 56-7-105, commonly known as the bad faith statute, permits a court to impose a penalty not exceeding twenty-five percent on the liability for a loss upon an insurer that refuses to pay a loss in bad faith. *See Lindenberg v. Jackson Nat'l Life Ins. Co.*, No. 2:13-cv-02657-JPM-cgc, 2014 WL 11332306, at *4 (W.D. Tenn. Dec. 9, 2014). The penalty "is not recoverable in every instance when an insurance company refuses to pay a loss." *Burge v. Farmers Mut. of Tenn.*, No. M2016-01604-COA-R3-CV, 2017 WL 1372864, at *9 (Tenn. Ct. App. Apr. 13, 2017); *see also United States Roller Works, Inc. v. State Auto Prop. & Cas. Ins. Co.*, Case No. 3:16-cv-2827, 2018 WL 1288942, at *9 (M.D. Tenn. Mar. 13, 2018) ("courts have consistently held that, to state a claim for bad faith under [§] 56-7-105, a plaintiff must establish more than a mere refusal to pay on a loss"). Rather, "[b]ad faith refusal to settle is defined, in part, as an insurer's disregard or demonstrable indifference toward the interests of its insured." *Johnson v. Tenn. Farmers Mut. Ins. Co.*, 205 S.W.3d 365, 370 (Tenn. 2006) (citing *S. Fire & Cas. Co. v. Norris*, 250 S.W.2d 785, 790-91 (1952)). It may be proved by "facts that tend to show 'a willingness on the part of the insurer to gamble with the insured's money in an attempt to save its own money or any intentional disregard of the financial interests of the plaintiff in the hope of escaping full liability imposed upon it by its policy.'" *Id.* (quoting *Goings v. Aetna Cas. & Sur. Co.*, 491 S.W.2d 847, 849 (Tenn. Ct. App. 1972)).

To succeed in a § 56-7-105 action, a plaintiff must establish the following: (1) "the policy of insurance must, by its terms, have become due and payable," (2) "a formal demand for payment must have been made," (3) "the insured must have waited 60 days after making [its] demand before

4

filing suit (unless there was a refusal to pay prior to the expiration of the 60 days)," and (4) "the refusal to pay must not have been in good faith." *Lindenberg v. Jackson Nat'l Life Ins. Co.*, 912 F.3d 348, 360-61 (6th Cir. 2018) (quoting *Palmer v. Nationwide Mut. Fire Ins. Co.*, 723 S.W.2d 124, 126 (Tenn. Ct. App. 1986)), *cert. denied*, 140 S. Ct. 624 (2019). The parties' quarrel focuses only on the last element. At trial, the burden of proving bad faith is to be borne by the Plaintiff. *See Nylander v. Unum Life Ins. Co. of Am.*, 309 F. Supp. 3d 526, 543 (M.D. Tenn. 2018).

As set forth in a previous section, Defendant presented the Doak affidavit indicating that it investigated Cox Paradise's claim, conducted a second inspection after receiving the Prosser Report, and, on the basis of its investigation, issued a partial denial of the claim. In response, the insured points only to the Prosser Report, in which Steve Prosser opined the structure suffered substantial hail and wind damage. Cox Paradise argues that Erie's knowledge of the Prosser Report should have prompted further inquiry and investigation. However, the insured does not take issue with the Doak affidavit's statement that, based on the Prosser Report, the insurer obtained a second inspection from Ellison.

Cox Paradise also insists that Erie "[m]ade vague references that it would offer the insured and the Plaintiff substantially less than the amount actually owed in an effort to deprive their rights under the policy"; "[e]ngaged in such other acts toward the insured and the Plaintiff that amount to acts of baseness, vileness, and/or depravity that are contrary to the duties owed to the insured and the Plaintiff"; and "[f]abricated defenses in a blatant and obvious effort to deprive the insured and the Plaintiff of the amounts due per the policy of insurance." (D.E. 24 at PageID 138-39.) These claimed misdeeds, as well as others, were lifted from the complaint and find no support in the record whatsoever. As the Sixth Circuit has observed, "[t]o defeat a motion for summary judgment a plaintiff can no longer rely on the conclusory allegations of its complaint." *Warf v.*

5

*United States Dep't of Veterans Affairs*, 713 F.3d 874, 878 (6th Cir. 2013) (quoting *Daily Press, Inc. v. United Press Int'l*, 412 F.2d 126, 134 (6th Cir. 1969)) (internal quotation marks omitted); *see also Lindsey v. Detroit Ent., LLC*, 484 F.3d 824, 830 n.7 (6th Cir. 2007) ("it is black-letter law that the party opposing the motion for summary judgment may not rely solely on the pleadings"). Instead, the nonmovant must "present affirmative evidence supporting [its] allegations." *Bennett v. Schroeder*, 99 F. App'x 707, 717 (6th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)) (internal quotation marks omitted).

Finally, Cox Paradise argues that Erie failed to have an impartial party evaluate the differences between the two reports. While this appears to be true, Cox Paradise cites to no caselaw that would have required the Defendant to do so.

In short, an insurer is "not required to blindly accept the claims of its insured." *United States Roller Works, Inc.*, 2018 WL 1288942, at *9. Nor is an erroneous denial of a claim necessarily a sign of bad faith. *Id.* At best, Cox Paradise has established nothing more than a good faith disagreement over the extent and cause of the damage to the Property. It has not, as it must, presented proof that Erie's investigation was unreasonable, dishonest, or fundamentally illegitimate. *See Nylander*, 309 F. Supp. 3d at 545 ("While [plaintiff] has advanced the argument that the [d]efendants' investigation was insufficient and in the end substantively misguided, she has not, as is her burden, put forth evidence to demonstrate that it was somehow unreasonable, dishonest, negligently protracted, or fundamentally illegitimate."). Accordingly, the Defendant's motion for summary judgment on the bad faith claim is GRANTED.

Erie also contends that Plaintiffs' claims for bad faith, as well as for punitive damages, should be dismissed as they are not assignable. As the Court has already dismissed the bad faith claim on the merits, it need not also consider whether the claim was assignable. Consequently, it

is necessary at this juncture to address only Erie's assignability argument as it pertains to the claim for punitive damages. Cox Paradise assigned the instant insurance claim to P&G. Under Tennessee law, assignment of an insurance claim "is an assignment of only the policy proceeds themselves." *Helping Hands Home Improvement, LLC v. Penn. Nat'l Mut. Ins. Co., LLC*, No. 1:20-cv-01006-STA-jay, 2020 WL 2065792, at *1 (W.D. Tenn. Apr. 29, 2020) (citing *Malone v. Harleysville Mut. Ins. Co.*, No. E2000-01308-COA-R3CV, 2001 WL 245133, at *5 (Tenn. Ct. App. Mar. 13, 2001)). Thus, recovery by an assignee is "limited to what could have been payable under the policy itself, and that does not include punitive damages." *Id.* Because P&G, as assignee of the insurance claim at issue, cannot sustain a claim for punitive damages, its claim for such relief is DISMISSED.

## *CONCLUSION*

For the reasons articulated herein, the Defendant's motion for partial summary judgment is GRANTED in part. Accordingly, the bad faith claim, as well as P&G's claim for punitive damages, are DISMISSED. The motion is DENIED to the extent it seeks dismissal of Cox Paradise's punitive damages claim.

IT IS SO ORDERED this 23rd day of November 2020.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE
