IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

COX PARADISE, LLC, and P&G
CONSTRUCTION CONSULTANTS, LLC,
as Assignee,

      Plaintiffs,

v.                                        No. 1:20-cv-01068-JDB-jay

ERIE INSURANCE EXCHANGE,

      Defendant.

_____

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION IN LIMINE
_____

Before the Court is the motion in limine of the Plaintiffs, Cox Paradise LLC ("Cox Paradise"), and P&G Construction Consultants, LLC, to exclude evidence regarding the prior criminal history of William Griffin, who is to be a witness in the trial of this matter. (Docket Entry ("D.E.") 45.) As the Defendant, Erie Insurance Exchange ("Erie"), has responded (D.E. 46), the motion is ripe for disposition.

"Although not explicitly authorized by the Federal Rules of Evidence . . ., the practice of ruling on motions in limine 'has developed pursuant to the district court's inherent authority to manage the course of trials.'" *United States v. Shephard*, Case No. 1:19-cr-443-1, 2020 WL 5891973, at *2 (N.D. Ohio Oct. 5, 2020) (quoting *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984)). Such motions are designed to "narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). "In disposing of a motion in limine, the guiding principle is to 'ensure evenhanded and expeditious management of trials.'" *United States v. Anderson*, ___ F. Supp. 3d ___, 2021 WL 4427251, at *2 (E.D. Mich.

Sept. 27, 2021) (quoting *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)).

Generally speaking, courts are to exclude evidence in limine "only when evidence is clearly inadmissible on all potential grounds." *Indiana Ins. Co.*, 326 F. Supp. 2d at 846. "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Id.* A ruling in limine is "no more than a preliminary, or advisory, opinion" that the court may change "at trial for whatever reason it deems appropriate," as "facts may . . . come to the district court's attention which it did not anticipate at the time of its initial ruling." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38 (1984)).

This case arises from alleged storm damage to a rental home owned by Cox Paradise and covered by an insurance policy issued by Erie. Cox Paradise made a claim for repairs under the policy, which was partially denied. This action ensued. Erie maintains that Griffin obtained an assignment of the insurance claim at issue from Cox Paradise. He prepared the estimate of claimed damages on Cox Paradise's behalf, handled all interactions with Erie, and was compensated by Cox Paradise for his work. Cox Paradise, along with its principal, Flint Cox, and Griffin are involved in other lawsuits with similar fact patterns, almost all of which also involve the same expert. In these cases, Defendant submits, Griffin attempts to "morph" minimal or nonexistent storm damage into large losses. Erie asserts that Griffin's testimony, and his truthfulness, are therefore central to the issues presented in this case.[1]

---

[1] According to the proposed pretrial order submitted by the parties, Griffin is one of three witnesses Plaintiffs will call to testify at trial. (*See* D.E. 44 at PageID 368.) He also appears as one of six witnesses on Erie's may call list. (*See id.* at PageID 369.)

The evidence sought to be excluded in the instant motion consists of Griffin's prior convictions for misdemeanor vehicular assault in 1992, misdemeanor theft of property in 1999, two counts of felony forgery in 2002, and felony manufacture of methamphetamine in 2010. In its response to the motion, Erie specifically advises the Court that it concedes the 1992 conviction is inadmissible. Accordingly, Plaintiffs' motion with respect to the 1992 conviction is GRANTED. Further, Defendant offers no challenge to Plaintiffs' request to exclude the 2010 conviction. The motion therefore is also GRANTED as to that conviction. *See* LR 7.2(a)(2) (failure to respond to a motion "may be deemed good grounds for granting the motion").

The 1999 misdemeanor theft of property and 2002 felony forgery convictions remain to be resolved by the Court. Rule 609 of the Federal Rules of Evidence establishes the boundaries for attacks on a witness's character for truthfulness by evidence of a criminal conviction. Under subsection (a) of the rule, in a civil case, evidence of a criminal conviction that is punishable by imprisonment for more than one year in the convicting jurisdiction "must be admitted[.]" Fed. R. Evid. 609(a)(1)(A). Such evidence is subject to Fed. R. Evid. 403, *id.,* which permits the court to exclude relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice[,]" Fed. R. Evid. 403. "[F]or any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Fed. R. Evid. 609(a)(2). Unlike subsection (a)(1) evidence, proof covered by subsection (a)(2) is not subject to Rule 403 balancing. *In re: Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Prods. Liab. Litig.*, 510 F. Supp. 3d 538, 549 (S.D. Ohio 2020).

Rule 609(b) applies more stringent limitations to evidence of a prior criminal conviction "if more than [ten] years have passed since the witness's conviction or release from confinement

for it, whichever is later." Fed. R. Evid. 609(b); *see United States v. Collins*, 799 F.3d 554, 571 (6th Cir. 2015). In that instance, "[e]vidence of the conviction is admissible only if . . . its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect[] and . . . the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." [2] Fed. R. Evid. 609(b). This analysis applies to convictions or releases from custody over ten years old whether or not the underlying offenses involved a dishonest act or false statement. *See United States v. Rodriguez*, 409 F. App'x 866, 869-70 & n.2 (6th Cir. 2011).

The Sixth Circuit has cautioned that "[c]onvictions that are more than ten years old should be admitted very rarely and only in exceptional circumstances." *Collins*, 799 F.3d at 571 (quoting *United States v. Sloman*, 909 F.2d 176, 181 (6th Cir. 1990)) (internal quotation marks omitted). The rule "creates, in effect, a rebuttable presumption that convictions over ten years old are more prejudicial than helpful and should be excluded." *Rodriguez*, 409 F. App'x at 869 (quoting *United States v. Sims*, 588 F.2d 1145, 1150 (6th Cir. 1978)). As the Sixth Circuit articulated in *Sims*, "[w]hen stale convictions are offered for the purpose of impeaching a witness, they often shed little light on the present tendency of the witness towards truthfulness and veracity." *Sims*, 588 F.2d at 1148. To admit such evidence, the district court must "make an on-the-record finding based on the facts that the conviction's probative value substantially outweighs its prejudicial impact," taking into consideration factors including "[t]he impeachment value of the prior crime," "[t]he point in time of the conviction and the witness'[s] subsequent history," "[t]he similarity between the past crime and the charged crime," the importance of the testimony of the witness, and the "centrality of the credibility issue." *Collins*, 799 F.3d at 571.

---

[2] The instant motion does not raise the issue of the subsection's notice requirement.

4

The 2002 forgery convictions resulted from Griffin's endorsement of two checks made payable to him and his girlfriend in both their names.³ Although these convictions occurred more than ten years ago, Defendant advises in its brief that less than ten years have passed since Griffin's release from confinement therefor. The claim is made in conclusory fashion, absent any details or supporting documents. If the assertion is true, Rule 609(b) would not apply and subsection (a)(2) would require admission of the convictions, without Rule 403 balancing, as forgery is a crime of dishonesty. *See United States v. Smith*, 70 F. App'x 359, 361 (7th Cir. 2003); *Cretacci v. Hare*, 533 F. Supp. 3d 605, 609 (E.D. Tenn. 2021). If more than ten years have in fact passed since Griffin was released from incarceration for the forgery offenses, subsection (b) requires the Court to determine whether the convictions' probative value substantially outweighs their prejudicial effect, considering the factors articulated in *Collins*. First, the forgeries have impeachment value,

---

³Tennessee Code Annotated § 39-14-114 makes it an offense to "forge[] a writing with intent to defraud or harm another." Tenn. Code Ann. § 39-14-114(a). The statute defines "forge" as to

(A)  Alter, make, complete, execute or authenticate any writing so that it purports to:

   (i)   Be the act of another who did not authorize that act;

   (ii)  Have been executed at a time or place or in a numbered sequence other than was in fact the case; or

   (iii) Be a copy of an original when no such original existed;

(B)  Make false entries in books or records;

(C)  Issue, transfer, register the transfer of, pass, publish, or otherwise utter a writing that is forged within the meaning of subdivision [](A); or

(D)  Possess a writing that is forged within the meaning of subdivision [](A) with intent to utter it in a manner specified in subdivision [](C)[.]

Tenn. Code Ann. § 39-14-114(b)(1).

5

as they involved dishonesty or false statements. Second, the convictions are twenty years old. Griffin's only subsequent criminal history of which the Court is aware consists of the 2010 felony drug conviction, whose exclusion Erie apparently does not challenge. The drug conviction does not make the forgery convictions more probative. Third, there is no similarity the Court can discern between the forgeries and the issues raised in this case. Finally, from all accounts, Griffin is to be an important witness in the trial of this matter and the factfinder's assessment of his credibility is likely to be significantly determinative of the outcome. The Court finds, based on the current record, that the convictions are also admissible under subsection (b), as the probative value of Griffin's 2002 forgery convictions substantially outweighs their prejudicial effect, particularly in light of his importance as a witness and the centrality of a determination of his credibility at trial.

Accordingly, Plaintiffs' motion to exclude the 2002 forgery convictions is DENIED. Plaintiffs' request for a limiting instruction pursuant to Fed. R. Evid. 105 in the event the Court found the convictions admissible is GRANTED.

Turning to the 1999 misdemeanor theft conviction, Plaintiffs offer the following somewhat cryptic explanation of the underlying circumstances thereof in their brief: "Mr. Griffin reported the scaffolding that he rented was stolen from his commercial jobsite, and reported who stole it, over one . . . month before the criminal summons was issued." (D.E. 45 at PageID 377.) In contrast to the forgery convictions, there appears to be no question that the 1999 misdemeanor theft conviction falls under Rule 609(b). Thus, the Court is called upon to balance the conviction's probative value against its prejudicial effect. *See* Fed. R. Evid. 609(b)(1). Applying the *Collins* factors, the Court has already determined that Griffin's testimony is important and that his credibility is central to this action. The remaining factors, however, tip the scale toward exclusion.

The conviction has little if any impeachment value with respect to Griffin's truthfulness. Misdemeanor theft is not a crime of dishonesty "unless there is evidence in the record that [it] involve[d] a dishonest act or false statement." *United States v. Garrison*, 839 F. App'x 968, 981 n.3 (6th Cir. 2020), *cert. denied*, 141 S. Ct. 2866 (2021). The record contains no indication and, indeed, Erie does not argue, that the theft involved a dishonest act or a false statement. The conviction is approximately twenty-three years old. Griffin's subsequent history known to the Court consists of the forgery convictions, which have already been found admissible, and the 2010 felony drug conviction, whose exclusion, as noted above, Erie does not appear to challenge. None of these subsequent convictions make the theft conviction any more probative. Nor is there any evidence of similarity between the theft and the issues raised in this case. Accordingly, the theft conviction does not illustrate the type of rare and exceptional circumstance necessary to rebut the effective presumption that the evidence should be excluded. Therefore, the Court agrees with Plaintiffs that exclusion of the 1999 conviction is warranted under Rule 609(b).

> In its responsive brief, Erie cites to Fed. R. Evid. 608(b), which provides:
>
> Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of . . . the witness[.]

Fed. R. Evid. 608(b). Theft of property is, Defendant insists, probative of Griffin's character for truthfulness or untruthfulness. However, the Court is unpersuaded that Rule 608(b) applies in the present circumstance and Erie offers no caselaw to support such an assertion. *See* Fed. R. Evid. 608 advisory committee's note (1972) ("Conviction of crime as a technique of impeachment is treated in detail in Rule 609, and here is merely recognized as an exception to the general rule excluding evidence of specific incidents for impeachment purposes."); *United States v. Campbell*,

7

No. 3:05-CR-23, 2009 WL 595980, at *6 (E.D. Tenn. Mar. 6, 2009) (Rule "608(b) relates to conduct *other than* conviction of crime as provided in Rule 609.") Even if Rule 608(b) does apply, the Court has already indicated that the 1999 conviction is not, on this record, probative of Griffin's character for truthfulness or untruthfulness in this case.

The Plaintiffs' motion to exclude evidence of the 1999 misdemeanor theft conviction is GRANTED.

Accordingly, for the reasons outlined herein, the Plaintiffs' motion is GRANTED IN PART AND DENIED IN PART.

IT IS SO ORDERED this 16th day of March 2022.

s/ J. DANIEL BREEN<br>UNITED STATES DISTRICT JUDGE