IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

COX PARADISE LLC and
P&G CONSTRUCTION CONSULTANTS
LLC, as Assignee,

    Plaintiffs,

v.                                              No. 1:20-cv-01068-JDB-jay

ERIE INSURANCE EXCHANGE,

    Defendant.

_____

ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE
_____

       This action has been pending in this Court for over four years. In that time, the Plaintiffs, Cox Paradise, LLC, and P&G Construction Consultants, LLC, have been represented by three different attorneys. On February 21, 2024, the undersigned conducted a conference with counsel to determine the status of the case, at which Plaintiffs' current lawyer, Drayton Berkley, announced that he was to be substituted by yet a fourth attorney. Counsel was directed to file a motion to withdraw and the conference concluded. Although Attorney Berkley filed a motion to withdraw seven days later, it was denied without prejudice, in an order entered March 1, 2024, for failure to comply with the local rules of this district. (Docket Entry ("D.E.") 96.) The docket reflected no activity thereafter. In an effort to move the case forward, the Court, on March 15, 2024, directed Plaintiffs and their counsel to show cause within ten days why this matter should not be dismissed for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. (D.E. 97.) The Court stated therein that "[f]ailure to timely comply with this order will result in dismissal of this action." (*Id.* at PageID 500.) Despite the Court's warning, no filings have been made and the time

for doing so has expired. Nor have Plaintiffs or Attorney Berkley otherwise communicated with the Court.

The courts have the inherent power to sua sponte dismiss a civil suit for want of prosecution in order to "to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). Under Rule 41(b), the district courts are authorized to dismiss an action where "the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order[.]" Fed. R. Civ. P. 41(b); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 & n.4 (6th Cir. 2008). Factors to be considered in determining whether a Rule 41(b) dismissal is appropriate include "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Richter v. Am. Aggregates Corp.*, 522 F. App'x 253, 259 (6th Cir. 2013) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). The "measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll*, 176 F.3d at 363 (brackets and internal quotation marks omitted).

Here, the Court finds dismissal warranted. First, the Plaintiffs' failure to comply with the show cause order was apparently willful. Second, the Defendant has been prejudiced to the extent that Plaintiffs' acts, or failures to act, are hindering the forward progress of this case. Third, there is no question that Plaintiffs were warned that failure to timely respond to the show cause order could and, indeed, would, result in dismissal. Finally, although the Court has considered less drastic sanctions, it concludes that such efforts would be futile, as the suit appears to have been abandoned.

This matter is therefore DISMISSED for want of prosecution. The Clerk is DIRECTED to enter judgment.

IT IS SO ORDERED this 27th day of March 2024.

<u>s/ J. DANIEL BREEN</u>
UNITED STATES DISTRICT JUDGE
